UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY, JR.,<br><br>        Petitioner,<br><br>   v.<br><br>MATTHEW CATE, Secretary of California Department of Corrections & Rehabilitation,<br><br>        Respondent.<br>                                      / | No. C 10-1582 SI (pr)<br><br>**ORDER** |

     Edward V. Ray, Jr., filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on 16 claims. Respondent moved to dismiss on the ground that state court remedies had not been exhausted for many of the claims in the petition. Ray opposed the motion. The court determined that state court remedies were not exhausted for several of the claims and required Ray to choose how to deal with this problem. *See* April 15, 2011 Order (Docket # 14). The court also identified several claims with pleading problems as well as exhaustion problems, and wrote: "Ray is cautioned that, if he chooses to request a stay to exhaust the unexhausted claims, he needs to identify the federal constitutional basis for his claim in both the California Supreme Court and this court. Also, he needs to provide a short statement of facts explaining his claims – some of his cursory descriptions do not adequately alert any court as to the particular infirmity for which he wants habeas relief." *Id.* at 10.

     Ray then requested a stay of this action so that he could exhaust state court remedies for the unexhausted claims. The court granted a stay. In the June 21, 2011 order to stay

proceedings and administratively close case, the court wrote:

> This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add his new claims. When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court.

Docket # 16, p. 1.

This matter is now before the court for attention to several motions and requests filed by Ray. On September 20, 2011, Ray filed a motion to reopen the action (Docket # 18) and a motion to compel respondent to file an answer (Docket # 17). In his motion to reopen, Ray explained that he had filed a petition for writ of habeas corpus in the California Supreme Court and that court had not ruled on the petition for 130 days, so he wanted to proceed with only his exhausted claims. In mid-October, Ray filed two requests for this court to rule on his habeas petition. (Docket # 19 and # 20.) Before this court ruled on the motions and requests, the California Supreme Court denied Ray's petition for writ of habeas corpus on October 12, 2011. Ray then filed another motion to reopen the action (Docket # 23) and a motion to compel respondent to file an answer (Docket # 22).

Due to his impatience and unclear writing, Ray's motions and requests have created some confusion as to whether he wants this court to consider only the claims identified in the April 15, 2011 order as having been exhausted OR wants this court to consider those claims plus the claims in the habeas petition that the California Supreme Court rejected on October 20, 2011. Docket # 17 and # 18 suggest the former, while docket # 22 and # 23 suggest the latter. Docket # 21 (a letter sent to the court after he received the California Supreme Court's denial of his habeas petition) asks for a ruling on his earlier motions – reflecting a desire to proceed only with the claims identified in the April 15, 2011 order. Adding to the confusion is the fact that Ray wants an immediate decision on the merits of his claims, but that is likely to be delayed if he presents the newly-exhausted claims because the California Supreme Court denied them with citations to numerous procedural bar cases which likely will prompt respondent to assert procedural challenges to the newly exhausted claims. A separate problem with Ray's requests

is that he has failed to comply with the court's earlier orders, as he did not identify the federal constitutional basis for some claims and did not provide the short statement of facts supporting some claims, *see* Docket # 14, p. 10, and (if he wants the newly exhausted claims considered) has not "amend[ed] his petition to add his new claims" or "clearly identif[ied] each claim that has been exhausted in state court," Docket # 16, p.1.  For the foregoing reasons, petitioner's motions and requests to reopen and proceed with this action are DENIED.  (Docket #s 17, 18, 19, 20, 22, and 23.)

The denial of these motions is without prejudice to petitioner filing a new motion to reopen and lift the stay.  In any such new motion, petitioner must clearly explain whether he wants to proceed only with those claims identified in the April 15, 2011 order as having been exhausted OR wants this court to consider those claims plus the newly exhausted claims in the habeas petition that the California Supreme Court rejected on October 20, 2011.  If petitioner wants this court to consider the claims identified in the April 15, 2011 order plus the newly exhausted claims, he must file an amended petition that contains all of his claims, and contains the detail the court ordered (i.e., identifying the federal constitutional basis for each claim, and providing a short statement of facts supporting each claim).  It is the petitioner's obligation to provide a single complete and coherent presentation of all the claims he wants this court to consider.

Petitioner's requests for an evidentiary hearing are DENIED.  *See* Docket # 17 and # 22. Petitioner has not shown that an evidentiary hearing is necessary on any particular claim.  He also is relying on an outdated legal standard.  *See* 28 U.S.C. § 2254(e)(2).

Petitioner's reliance on Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts is misplaced.  Rule 4 does require the court to "promptly examine" a habeas petition, but that rule pertains to the initial review of a habeas petition – an event that took place many months ago in the present action.  Rule 4 does not apply to later proceedings in the life of a habeas action.  Petitioner is informed that filing duplicative motions, filing unclear requests, and failing to comply with the court's orders all delay the day when the court can turn

1 its attention to the merits of his claims as the court must read and rule on those duplicative
2 motions and unclear requests, as well as deal with failures to follow directions.
3     IT IS SO ORDERED.
4 DATED: December 6, 2011

_____
SUSAN ILLSTON
United States District Judge